# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Mordechi Follman,<br><br>individually and on behalf of all others similarly situated;<br><br>                Plaintiff,<br><br><br>      -v.-<br><br>Jefferson Capital Systems, LLC;<br><br>                Defendant. | **C. A. No.: 7:22-cv-6860**<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Mordechi Follman ("Plaintiff") brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against the Defendant Jefferson Capital Systems, LLC ("Jefferson" or "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1.  The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). This was because of the concern that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.     The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate. *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with it. § 1692k.

## JURISDICTION AND VENUE

3.     The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et seq.  The Court has pendent jurisdiction over state law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.     Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, also known as the FDCPA, and

6.     Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.     Plaintiff is a resident of the State of New York, County of Rockland.

8.     Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address for service of process at c/o Corporation Service Company, 80 State Street, Albany, New York 12207.

9.     Upon information and belief, Defendant Jefferson is a company that uses the mail, telephone and facsimile, and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10.    Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11.    The Class consists of:

    a.   all individuals with addresses in the State of New York;

    b.   to whom the Defendant Jefferson sent a collection letter;

    c.   attempting to collect a consumer debt;

    d.   wherein the letter sets forth a default date that postdates the letter's issuance and claims that the statute of limitations to commence a collection lawsuit has expired;

    e.   which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12.    The identities of all class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf it attempts to collect and/or have purchased debts.

13.    Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14.    There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue

is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692f.

15.    Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor his attorneys, have any interests that might cause them not to vigorously pursue this action.

16.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **<u>Numerosity:</u>** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692f.

   c. **<u>Typicality:</u>** Plaintiff's claims are typical of the claims of the class members. Plaintiff, and all members of the Plaintiff Class, have claims arising out of the Defendant's common uniform course of conduct complained of herein.

   d. **<u>Adequacy:</u>** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are averse to the absent class

members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff, nor counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

e. **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

<u>**FACTUAL ALLEGATIONS**</u>

19.    Plaintiff repeats the above paragraphs as if set forth here.

20.    Some time prior to June 17, 2022, Plaintiff allegedly incurred an obligation to non-party original creditor Cellco Partnership dba Verizon Wireless ("Verizon").

21.   The obligation arose out of a transaction involving a debt to Verizon in which money, property, insurance or services, that are the subject of the transaction(s), were incurred primarily for personal, family, or household purposes.

22.   The alleged Verizon obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

23.   Upon information and belief, Jefferson purchased this alleged debt.

24.   Jefferson collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

<u>*Violations – June 17, 2022 Collection Letter*</u>

25.   On or about June 17, 2022, Defendant Jefferson sent the Plaintiff a collection letter ("Letter").  A copy of this Letter is attached as Exhibit A.

26.   The collection Letter sets forth that it "IS AN ATTEMPT TO COLLECT A DEBT."

27.   The collection Letter contains contradictory messages concerning the default date and the statute of limitations.

28.   Specifically, the Letter sets forth that the default date is in the future, on July 21, 2022, but that somehow "[t]he legal time limit (Statute of Limitations) for suing you to collect this debt has expired."

29.   Moreover, in addition to being inherently misleading, the collection Letter further states as follows:

1.   "Even though the statute of limitations has expired, you may CHOOSE to make payments;" and

2.   … if you make a payment on the debt, admit to owing the debt, promise to pay the debt, or waive the statute of limitations on the debt, the

creditor's right to sue you to make you pay the entire debt may START

AGAIN."

30.   By providing conflicting information concerning the default date, the statute of limitations, and the potential to restart same, the Letter is false, deceptive and misleading.

31.   Plaintiff was uncertain as to whether he could be sued over the debt or not.

32.   Plaintiff was unable to properly evaluate the demand for payment or how to address it.

33.   Defendant misled the Plaintiff concerning whether he could be sued on the debt following payment, acknowledgment or promise to pay.

34.   Defendant's actions were false, deceptive, unfair, and/or misleading.

35.   Plaintiff was concerned and misled by the Letter, specifically if he could be sued on this debt, since if default had not occurred yet the Statute of Limitations for a lawsuit to occur would not have passed.

36.   Plaintiff was therefore unable to evaluate his options of how to handle this debt.

37.   Plaintiff cannot pay the alleged debt, trusting the Defendant, when it appears that the information stated in the Defendant's Letter is incorrect.

38.   Because of the Defendant's actions, the funds the Plaintiff could have used to pay all or part of the alleged debt were prioritized elsewhere.

39.   Because of this, Plaintiff expended time and money in determining the proper course of action.

40.   Plaintiff's failure to pay the debt arose from the collection Letter itself because the Plaintiff believes it was an attempt to collect an expired debt.

41.   In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over his funds.

42.    Plaintiff's reliance on the Letter, and the resulting inaction/non-payment, caused the Defendant's furnishment, and the ultimate dissemination, of negative credit reporting to the Plaintiff's financial and reputational detriment.

43.    In addition, Plaintiff suffered emotional and physical harm because of the Defendants' improper acts, including, but not limited to, shock and restlessness.

44.    Plaintiff would have pursued a different course of action were it not for the Defendant's violations.

45.    Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

46.    As it relates to this case, Congress identified concrete and particularized harms with close common-law analogues to the traditional torts of fraud, negligent misrepresentation, negligent infliction of emotional distress, conversion and defamation.

47.    For purposes of this action, only a close relationship to common-law harm is needed, not an exact duplicate.

48.    Plaintiff is entitled to receive proper notice of the character, legal status and amount of the debt, as required by the FDCPA.

49.    Defendant failed to effectively inform the Plaintiff of this information, and in fact, attempted to conceal it in violation of the law.

50.    These violations by the Defendant were knowing, willful, negligent and/or intentional, and the Defendant did not maintain procedures reasonably adopted to avoid any such violations.

51.    Defendant's collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides

the Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

52.     Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated the Plaintiff's ability to intelligently respond to the Defendant's collection efforts because the Plaintiff could not adequately respond to the Defendant's demand for payment of this debt.

53.     Defendant's actions created an appreciable risk to the Plaintiff of being unable to properly respond to, or handle, Defendant's debt collection.

54.     Plaintiff was misled to his detriment by the statements in the Letter, and relied on the contents of the Letter to his detriment.

55.     As a result of the Defendant's deceptive, misleading, unfair and false debt collection practices, Plaintiff has been damaged.

## <u>COUNT I</u>
## **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
### **15 U.S.C. §1692e** *et seq.*

56.     Plaintiff repeats the above allegations as if set forth here.

57.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

58.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

59.     Defendant violated said section by:

      a.     Making a false and misleading representation, as described above, in violation of §§ 1692e and 1692e (10); and

     b.   Falsely representing the character, amount or legal status of the debt in violation of §1692e (2).

60.   By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692e, et seq. of the FDCPA and the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## <u>COUNT II</u>
## <u>VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT</u>
## <u>15 U.S.C. §1692f *et seq.*</u>

61.   Plaintiff repeats the above allegations as if set forth here.

62.   Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692f.

63.   Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

64.   Defendant violated this section by unfairly collecting the alleged debt, as described above, in violation of § 1692f.

65.   By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692f, et seq. of the FDCPA and the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## <u>DEMAND FOR TRIAL BY JURY</u>

66.   Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Plaintiff Mordechi Follman, individually and on behalf of all others similarly situated, demands judgment from the Defendant Jefferson as follows:

    i.    Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and Robert Yusko, Esq., as Class Counsel;

    ii.    Awarding the Plaintiff and the Class statutory damages;

    iii.    Awarding the Plaintiff and the Class actual damages;

    iv.    Awarding the Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

    v.    Awarding pre-judgment interest and post-judgment interest; and

    vi.    Awarding the Plaintiff and the Class such other and further relief as this Court may deem just and proper.


Dated: August 11, 2022                   Respectfully submitted,

                                        **Stein Saks, PLLC**


                                        <u>/s/ Robert Yusko</u>
                                        By:  Robert Yusko, Esq.
                                        One University Plaza, Suite 620
                                        Hackensack, NJ 07601
                                        Phone: (201) 282-6500
                                        Fax: (201) 282-6501
                                        ryusko@steinsakslegal.com

                                        *Attorneys for Plaintiff*